## ELLIS *v.* SISSON and others.

(*Circuit Court, N. D. Illinois.* March 27, 1882.)

REMOVAL OF CAUSE—THE WHOLE CONTROVERSY TO BE REMOVED.

> When a cause is brought within the terms described in the second and third sections of the act of March 3, 1875, the whole suit is removed, and not a part; and if a person has only such an incidental interest as stated growing out of the litigation he cannot remove the cause.

*George W. Spahr,* for plaintiff Spahr.

*Charles Dunham* and *Chas. M. Osborn,* for defendant.

DRUMMOND, C. J. This is a motion to remand this cause to the circuit court of Peoria county, from whence it came. It is a controversy of many years' standing, to which John M. Waugh, at one time the owner of 480 acres of land in Mercer county, Benjamin T. Sisson, who, with Waugh, had erected a steam flouring-mill, Henry B. Ellis, and others were parties. The facts are very complicated, and many questions have arisen in the course of the litigation in which different parties and different interests have been involved. The object has been to dispose of the property in such a way as to have the proceeds divided for the benefit of various claimants; a principal controversy being, who had the prior claim and lien upon the property? There were bills for specific performance, for foreclosure of mortgages, various cross-bills, supplemental bills, amendments, answers, and replications. The litigation commenced as long ago as March, 1861, and the first case reported is that of *Sumner* v. *Waugh,* 56 Ill. 531. The decree rendered in that case in the lower court was reversed by the supreme court. The case then went back to the circuit court and came up again as the case of *Cable* v. *Ellis,* and is reported in 86 Ill. 535. In both these cases the facts relating to the controversy are stated with more or less fullness. The decree of the lower court was again reversed in *Cable* v. *Ellis,* and on the case being sent back to the court below a decree was rendered which was again appealed through the appellate court to the supreme court of the state and is reported as *Ellis* v. *Sisson,* 96 Ill. 105, where the decree of the appellate court was reversed, and the case was again returned through the appellate court to the circuit court of Peoria county. It will thus be seen that the litigation has continued through the various courts of this state for 20 years, during which time it has been before the supreme court of the state three times. It was after

all this had taken place that in May, 1881, Hiram Cable and Robert Lee for the first time appeared in the case and filed their respective petitions in the circuit court of Peoria county, claiming that since the litigation had commenced they had made valuable improvements on a part of the land, for which they were entitled to a lien, and asking that it should be recognized in the distribution of the proceeds in any sale that might be made of the property. On the twenty-eighth and twenty-ninth of July, 1881, Cable and Lee filed their respective petitions and bonds for the removal of the cause to this court, on the ground that there was a controversy between them and citizens of other states which could be fully determined as between them, and the question is whether they had the right under the act of 1875 to remove the cause to this court, and I think that they had not. It has been decided by the supreme court of the United States (*Barney v. Latham*, 103 U. S. 205) that when a cause is brought within the terms described in the second and third sections of the act of 1875 the whole suit is removed, and not a part; so that, if this case was properly removable, it brings with it the whole litigation connected with this controversy and the innumerable questions which have arisen during its progress. It will be observed from the statement which has already been made that this is a controversy which has sprung up many years after the litigation commenced, and not one which existed at the time that the suit was instituted; and it is, besides, an incident of the litigation; and I can hardly believe that it was the intention of congress, when it declared that in any suit mentioned in the last clause of the second section of the act of 1875 there should be "a controversy which is wholly between citizens of different states and which can be fully determined as between them," it meant an incidental controversy of this kind which might arise during the progress of the cause, and where parties might come in for the protection of their interests. If this be the true construction of the act of 1875, then it is easy to see there will be no end to instances where, during a protracted litigation in which property may be in charge and subject to the jurisdiction of the state court, an application can be made, where the citizenship of the parties may authorize it, for the removal of the suit to the federal court. The question is very important, because there are many cases where the state courts take possession of property and administer it, dispose of it, and distribute the proceeds among the parties entitled to it; and to hold, after a state court has for a series of years thus proceeded to ascertain and

settle the rights of parties litigant and their claims to property, that where a person has an incidental interest, therefore he can remove the suit to the federal court, might complicate in a very serious manner the relations which exist between the courts, state and federal, and interrupt the harmony which ought to exist between them in adjudicating the rights of parties.